UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Amanda Slatton, | § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Civil Action No.  3:18-cv-3369 |
| LVNV Funding, LLC, and Scott & Associates, P.C., | | |
| Defendants. | | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Amanda Slatton ("Plaintiff") files this Complaint against Defendants LVNV Funding, LLC and Scott & Associates, P.C. ("Defendants") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*; and, the Texas Debt Collection Practices Act, Tex. Fin. Code § 392.000 *et seq.* ("DCPA"), and in support thereof, states as follows:

**INTRODUCTION**

1.      The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2.      Similarly, the Texas legislature enacted the Texas Debt Collection Practices Act, Tex. Fin. Code § 392.000 *et seq.* ("TDCPA") to further eliminate abusive debt collection

practices by debt collectors, to further ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. Plaintiff, by Plaintiff's attorneys, brings this action to challenge the actions of LVNV Funding, LLC And Scott & Associates, P.C. with regard to attempts by Defendants, debt collectors, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to another plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants took place in Texas.

7. Any violations by Defendants were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION & VENUE

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1692; and, 28 U.S.C. § 1367 for supplemental state claims.

10. This action arises out of Defendants' violations of (i) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"); and, (ii) the Texas Debt Collection Practices Act, Tex. Fin. Code §§ 392, *et seq.* ("DCPA").

11. Because Defendants conduct business within the State of Texas, personal jurisdiction is established.

12. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Ellis, State of Texas which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

## PARTIES

13. Plaintiff is a natural person who resides in the County of Johnson, State of Texas, from whom Defendant sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff.

14. In addition, Plaintiff is a "consumers" as that term is defined by 15 U.S.C. § 1692a(3); and Tex. Fin. Code §§ 392.001(1).

15. Defendant LVNV Funding, LLC (LVNV Funding) is a foreign limited liability company headquartered in the State of Nevada and doing business in the State of Texas. Process may be served by serving LVNV Funding, LLC, CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-4234 USA.

16. Defendant Scott & Associates, P.C. (Scott & Associates) is a domestic professional corporation headquartered in Carrollton, Texas. Process may be served by serving Scott & Associates, P.C., National Registered Agents, Inc., Registered Agent, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201-3136.

17. Plaintiff is informed and believes, and thereon alleges, that Defendants, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" as that term is defined by Tex. Fin. Code §§ 392.001(5), and is therefore "debt collector(s)" as that term is defined by Tex. Fin. Code §§ 392.001(6), and, 15 U.S.C. § 1692a(6).

18. This action arises out of a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Tex. Fin. Code §§ 392.001(2).

## FACTUAL ALLEGATIONS

19. Sometime prior to April 2018, Plaintiff allegedly incurred financial obligations to an unknown original creditor, that were money, property, or their equivalent, which are due or owing, or alleged to be due or owing, from a natural person to another person and was therefore a "consumer debt" as that term is defined by Tex. Fin. Code §§ 392.001(2) and a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20. Sometime thereafter, this unknown original creditor transferred Plaintiff's alleged debt to LVNV Funding for collection.

21. Defendant Scott & Associates, PC, acting on behalf of Defendant LVNV Funding subsequently attempted to collect the alleged debt from Plaintiff.

22. On January 26, 2018, Defendants initiated an action against Plaintiff in Justice of Peace Court Precinct 1. The case was entitled *LVNV Funding, LLC v. Amanda Slatton*, case number: JP1-CV1800046.

23. On February 18, 2018, Plaintiff was served with notice of the lawsuit.

24. The complaint was entirely lacking in any information. The complaint was completely blank and provided Plaintiff with no information as to the underlying debt or the nature of the lawsuit.

25. Defendants failed to verify the debt in any form whatsoever within five (5) days of communication with Plaintiff.

26. Furthermore, in an attempt to obtain a quick default judgment on a frivolous lawsuit, Defendants filed the debt lawsuit in an inconvenient jurisdiction.

27. Justice of the peace precinct 2 was a closer court to where Plaintiff resided, but Defendant filed suit in justice of peace court precinct 1 because it was thirty miles away from where Plaintiff resided.

28. Defendants filed the debt claim thirty miles away from Slatton to increase the hardship of her appearance in court.

29. Indeed, Plaintiff endured great hardship to be able to attend her final hearing on

April 17, 2018 where she pleaded her case.

30. At the hearing, the Honorable Ronald R. McBroom dismissed the case.

31. Defendants' conduct as described herein violated both the FDCPA and DCPA.

32. Through this conduct, Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and abuse Plaintiff in connection with the collection of the debt.

33. Through this conduct, Defendant violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations in connection with the collection of Plaintiffs' alleged debt.

34. Through this conduct, Defendant violated Tex. Fin. Code § 392.304(19) by using deceptive means to collect a debt.

35. Through this conduct, Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of the fraudulent debt in connection with the collection of Plaintiffs' alleged debt.

36. Through this conduct, Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect Plaintiffs' alleged debt.

37. Through this conduct, Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Plaintiffs' alleged debt.

38. As a direct and proximate result of Defendants' willful action, Plaintiff has suffered actual damages.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF
### COUNT I
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692-1692(p) (FDCPA)

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

41. As a result of each and every violation of the FDCPA, Plaintiff is each entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### COUNT II
### VIOLATION OF THE TEXAS DEBT COLLECTIONS PRACTICES ACT
### Tex. Fin. Code §§ 392.001-392.404 (TDCPA)

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. The foregoing acts and omissions constitute numerous and multiple violations of the TDCPA.

44. As a result of each and every violation of the TDCPA, Plaintiff is entitled to any actual damages pursuant to Tex. Fin. Code § 392.403(a)(2); statutory damages for a knowing or willful violation in an amount not less than $100.00 for each violation of this chapter; and reasonable attorney's fees and costs pursuant to Tex. Fin. Code § 392.403(b) from Defendant.

### DEMAND FOR JURY TRIAL

45. Please take notice that Plaintiff demands a trial by jury in this action.

### REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants as follows:

A. An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against each Defendant;

B. An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against each Defendant;

C. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against each Defendant;

D. An award actual damages, in an amount to be determined at trial, pursuant to Tex. Fin. Code § 392.403(a)(2);

E. An award of statutory damages for a knowing or willful violation in an amount not

    less than $100.00 for each violation of this chapter pursuant to Tex. Fin. Code § 392.403(b);

F. An award of reasonable attorney's fees and costs pursuant to Tex. Fin. Code § 392.403(b); and,

G. Any and all other relief that this Court deems just and proper.

Dated: December 20, 2018

Respectfully Submitted,

By: /s/ Ramona Ladwig
Ramona V. Ladwig
State Bar No. 24092659
Anthony P. Chester
State Bar No. 24092253
**HYDE & SWIGART**
1910 Pacific Ave, Suite 14155
Dallas, TX 75201
Office: (214) 880-6362
Fax: (800) 635-6425
ramona@westcoastlitigation.com

*Attorneys for Plaintiff*